43804.    BAILEY v. HARGETT et al.

SUBMITTED JULY 3, 1968—DECIDED SEPTEMBER 9, 1968.

*Frank B. Hester, Richard M. Hester,* for appellant.

*Frank M. Gleason, William Campbell,* for appellees.

JORDAN, Presiding Judge. The first enumeration is directed to the order of the court striking the mother's plea to the jurisdiction. In essence the mother alleges the absence of jurisdiction in Catoosa County because the court did not acquire jurisdiction over her or the children before the Hargetts commenced

proceedings to obtain legal custody of the children, and that at the time the Hargetts petitioned the court and continuously since then, the children have been with the Hargetts in Alabama, and she, the mother, has been a resident of Fulton County, Georgia. The second enumeration is directed to the order of the court overruling a motion to dismiss, the sole ground of which is the allegation that the petition shows on its face the absence of jurisdiction over the children or the mother. The third enumeration is directed to the order of the court overruling a motion to strike a paragraph of the petition alleging that on August 30, 1967, a judge of Catoosa Superior Court placed the children in the custody of Nanny Mae and Bessie Parks, two sisters of their deceased father, the assertion being made that the allegations are irrelevant and immaterial to any matter in the Juvenile Court of Catoosa County. The fourth enumeration is directed to the refusal of the court to vacate an order of April 2, 1968, in which he recognized that the Hargetts had actual custody of the children, awarded custody to them pending further order of the court, and directed Mrs. Bailey and the Parks sisters to show cause why the Hargetts should not have permanent custody. The fifth enumeration is directed to the action of the court in recognizing and establishing as a lost record of the court an order by another judge, on or about February 8, 1967, taking the children from the mother and placing them in the custody of the Parks sisters. Finally, the sixth enumeration is directed to the final order of the court placing the children in the custody of the Hargetts, it being asserted that the court had no jurisdiction over the children, and that the order sets forth no jurisdictional facts and does not comply with the requirements of the Juvenile Court Act.

The powers of a juvenile court are intended to be general in order to effect the beneficial purposes intended. Ga. L. 1951, pp. 291, 293; 1956, pp. 69, 70 (*Code Ann.* § 24-2401). The court has original jurisdiction concerning any child living or found within the county under 17 years of age, who, among other things, is neglected or abandoned, or whose custody is the subject of controversy, except in cases where a court of record has exclusive jurisdiction, and whenever a court shall have ac-

quired jurisdiction of a child under 17, it continues so long as, in the judgment of the court, it may be necessary for the correction or education of the child until he attains the age of 21 years. Ga. L. 1951, pp. 291, 297; 1953, Nov. Sess., pp. 87, 89; 1955, p. 610; 1956, p. 603 (*Code Ann.* § 24-2408). Any person having knowledge or information that a child comes under the foregoing provisions may file a complaint in the juvenile court. Ga. L. 1951, pp. 291, 299 (*Code Ann.* § 24-2411). Although provision is made for notification of a parent, by personal service before a hearing and by other means, the failure to serve a summons upon any person other than the child does not impair the jurisdiction of the court to proceed if a child is neglected or custody is in controversy. Ga. L. 1951, pp. 291, 300 (*Code Ann.* §§ 24-2413, 24-2414). If a child is found by a court to come within its jurisdiction and is in a state of neglect, or if custody is the subject of controversy, the court shall so decree and in its decree make findings of facts upon which the court exercises jurisdiction, and having thus acted, may by order terminate parental rights, take custody and act in loco parentis in all matters pertaining to the interests of the child. Ga. L. 1951, pp. 291, 303 (*Code Ann.* § 24-2421). An order transferring the permanent care, control and custody of a child or terminating parental rights shall be in writing and shall recite the jurisdictional facts. Ga. L. 1951, pp. 291, 306 (*Code Ann.* § 24-2427).

While the final order of the court is deficient in failing to recite the jurisdictional facts to support the action of the court in placing the Hargetts in exclusive custody of the children the record and transcript before this court demand a finding that the court was exercising original and continuing jurisdiction over the children, and it would serve no useful purpose to remand the case to the court for such findings, even though we are of the opinion that a superior court judge sitting as a juvenile court judge is not relieved of the requirements of the Juvenile Court Act insofar as the Act requires specific findings in writing to support orders pertaining to the custody and control of children. It is undisputed that the children were living in Catoosa County on and prior to February 8, 1967. The evidence

shows in fact that upon petition and order of the court by another judge, on or about February 8, 1967, the court acquired jurisdiction over the children, then found to be living in the county, in a state of neglect, and placed them in the custody of the Parks sisters "for such care, assistance, placement and supervision as the court may direct." The contents of the petition and order were established by means of a copy located in the files of an attorney, which his secretary identified as the duplicate of one which she saw the judge sign, and which she gave to the clerk of the court to file. In view of this showing, and evidence to the effect that no copy of the petition and order could be located in the files of the court, the court did not err in ordering the copy to be made a part of the record, in lieu of the lost original. This record, as thus established, conclusively shows that the court had jurisdiction over the children, and once established, this jurisdiction continues until the children reach majority, if necessary, and it is of no import that the children were later physically removed from the county by a half-brother and placed in the actual custody of the Hargetts in Alabama, or that the mother is residing in another county in Georgia. Under the circumstances shown it was proper for the court to inquire again into the custody of the children, on petition of the Hargetts. It is clear from the record that the mother was properly notified of the present proceedings, and afforded a full opportunity to present any evidence relevant to custody of the children. The evidence discloses that the mother has a history of frequent marriage, alcoholism, and has undergone psychiatric treatment, but that at the time of the hearing she was able to provide a home for the children, with her present husband, in Fulton County, that the Parks sisters are no longer interested in obtaining custody of the children and are unable to provide a home for the children, and that the Hargetts are persons of ample means and good character who have provided a satisfactory home for the children since December 28, 1967. This evidence as a whole clearly supports the findings of the judge, as expressed in his judgment, that it is to the best interest and welfare of the children to award exclusive custody to the Hargetts.

*Judgment affirmed. Pannell and Deen, JJ., concur.*